**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS & ST. JOHN

GARY BERNE,                     )
                                )
           Plaintiff,           )
                                )
     v.                         )    Civil No. 2006-107
                                )
A-5 RENTALS CORPORATION, ALVIN  )
BRATHWAITE                      )
                                )
           Defendants.          )
_____)
```

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the Plaintiff.*

**Lemuel F. Callwood, Esq.**
St. Thomas, U.S.V.I.
    *For the Defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, Gary Berne ("Berne"), for summary judgment against the defendants, A-5 Rentals Corporation and Alvin Brathwaite (the "Defendants").

**I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

Berne commenced this two-count action for debt and possession in July, 2006. Berne is a citizen of Florida. Each of the Defendants is a citizen of the Virgin Islands. The Court has jurisdiction over this action pursuant to 28 U.S.C. §

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 2

1332(a).

The dispute in this matter concerns certain real property located at Parcel 69 Kronprindsens Gade, St. Thomas, U.S. Virgin Islands (the "Property"). According to the complaint, the Property is owned by an entity called Berne Corporation ("Berne Corp.", which leased the Property to an entity called D&S Corporation ("D&S"). Berne alleges that D&S subleased the Property to the Defendants beginning on September 3, 2002.

On September 1, 2004, according to Berne, D&S assigned it interest in its lease to Berne Corp. On June 1, 2006, Berne Corp. assigned its interest in the lease to Berne. Berne alleges that the assignment made him the obligee of amounts due by the Defendants under the lease. Berne further alleges that he has made demand on the Defendants for those amounts due, but that the Defendants have failed to make payments and thus are indebted to Berne in the amount of $66,000.47. Consequently, Berne brought this action to recover amounts owed to him by the Defendants under the lease and for possession of the Property.

Berne now moves for summary judgment against the Defendants.[1] The motion is unopposed.[2]

---

[1] Berne initially moved for summary judgment in November, 2006. The Court struck that motion for Berne's failure to comply with various requirements of the Local Rules of Civil Procedure.

[2] Local Rule of Civil Procedure 56.1(d) provides:

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 3

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not

---

Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

LRCi 56.1(d) (2008).

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 4

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

**A. First Cause of Action**

Berne's first cause of action is for recovery of a debt. In support of his motion, Berne points the Court to Title 28, Section 292 of the Virgin Islands Code, which provides, in pertinent part:

> Action by landlord against tenant for nonpayment of rent
>
> (a) When in case of a lease of real property and the failure of the tenant to pay rent, the landlord has a subsisting right to reenter for such a failure, and may bring action to recover the possession of such property, and such action is equivalent to a demand of the rent and a reentry upon the property.

V.I. CODE ANN. tit. 28, § 292. Berne also points the Court to Title 28, Section 751 of the Virgin Islands Code. That provision states, in pertinent part:

> Rent; liability of person in possession; actions
>
> (a) Every person in possession of land out of which any rent is due, whether it was originally demised in fee, or for any other estate or freehold, or for any term of years, shall be liable for the amount of proportion of rent due from the land in his possession, although it

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 5

>is only a part of what was originally demised.
>
>(b) Such rent may be recovered in an action, and the deed or demise, or any other instrument in writing, if any, showing the provisions of the lease, may be used in evidence by either party to prove the amount due from the defendant.

*Id.* § 751.

Berne has also submitted a signed declaration. In that declaration, Berne states that he has made demand on the Defendants for amounts due under the lease and that the Defendants have failed to pay those amounts due. That statement is supported by a letter Berne has submitted, showing that Berne and the Defendants reached an agreement whereby the Defendants would cure all defaults by a date certain, but failed to do so. The declaration also makes reference to a reconciliation statement, which Berne has also provided. That reconciliation statement shows that as of January 1, 2007, the Defendants owe Berne $66,000.47 in amounts due under the lease.[3] Finally, Berne

---

[3] The complaint alleges that the amount in controversy exceeds $75,000. In the motion now before the Court, Berne seeks a judgment in the amount of $66,000.47, stating that the Defendants have since paid him some of the rent owed. Although the monetary damages Berne now seeks do not exceed the amount-in-controversy threshold, the Court still has jurisdiction over this matter, since a federal court's jurisdiction ordinarily depends upon "the facts as they exist when the complaint is filed," *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989), and "subsequent events that reduce the amount in controversy below the statutory minimum do not require dismissal." *State Farm Mutual Automobile Insurance Co. v. Powell*, 87 F.3d 93 (3d Cir. 1996) (citing *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182-83 (6th Cir. 1993)).

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 6

has submitted the lease between D&S and the Defendants, a letter stating that D&A assigned its interest in the lease to Berne Corp., and the agreement assigning the lease from Berne Corp. to Berne.

Based on the competent evidence submitted by Berne, the Court finds that Berne has met his burden of showing the following undisputed material facts: (1) Berne is the landlord under the lease; (2) the Defendants are the tenants under the lease; (3) Berne has made demand on the Defendants for amounts due under the lease; (4) the Defendants have failed to pay those amounts due; and (5) Berne is entitled to $66,000.47 from the Defendants. (*See* Berne Decl. ¶ 10, Jan. 22, 2007.) Based on those undisputed facts, and pursuant to Title 28, Sections 292 and 751 of the Virgin Islands Code, Berne is entitled to judgment as a matter of law in the amount of $66,000.47.

Accordingly, the Court will award summary judgment to Berne on his first cause of action.

**B.   Second Cause of Action**

In his second cause of action, Berne requests an order restoring possession of the Property to him. In support of his motion, Berne points the Court to Title 28, Section 782 of the Virgin Islands Code, which provides, in pertinent part:

Action for forcible entry or detainer

(a) When a forcible entry is made upon any premises, or

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 7

> when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof.

V.I. CODE ANN. tit. 28, § 782.

Significantly, the provision of the Virgin Islands Code upon which Berne relies addresses actions for forcible entry and detainer ("FED"), not civil actions for possession. FED actions "are summary actions to determine rights of peaceable possession of real property." *Estate of Thomas Mall, Inc. v. Territorial Court of Virgin Islands*, 923 F.2d 258, 264 (3d Cir. 1991) (citation omitted), *cert. denied*, 502 U.S. 808 (1991). Fed actions are codified at Title 28, Sections 781-95 of the Virgin Islands Code. Those sections set forth various procedural requirements for maintaining an FED action in the Superior Court of the Virgin Islands. Berne has not commenced an FED action. On the contrary, the above-captioned action bears the traditional indicia of a normal civil proceeding for possession. As such, Berne's reliance on Title 28, Section 782 is misplaced.

Despite his misplaced reliance, Berne has nevertheless shown that he is entitled to judgment as a matter of law with respect to his possession cause of action.

"Actions to Recover Possession of Real Property" are codified at Title 28, Section 281-94 of the Virgin Islands Code. Section 281 provides:

> Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action. Such action shall be commenced against the person in the actual possession of the property at the time, or, if the property is not in the actual possession of anyone, then against the person acting as the owner thereof.

V.I. CODE ANN. tit. 28, § 281. Section 283 sets forth what allegations must be stated in the complaint:

> (1) a description of the property with such certainty as to enable the possession thereof to be delivered if recovery is had;
>
> (2) the nature of plaintiff's estate in the property, whether it is in fee, for life and for whose life, or for a term of years and the duration of such term;
>
> (3) that the plaintiff is entitled to the possession of the property; and
>
> (4) that the defendant wrongfully withholds the same from him to his damage in such sum as may be therein claimed.

*Id.* § 283.

Here, there is no genuine issue of material fact as to any of the elements set forth in Section 283. Specifically, Berne, by way of competent evidence, has shown the absence of any dispute that (1) the Property in question is Parcel 69 Kronprindsens Gade, St. Thomas, U.S. Virgin Islands; (2) Berne is the landlord under the lease, the duration of which is five years; (3) Berne, as the landlord, has a legal estate in the Property and, as such, has a present right to possession; and (4) the Defendants have failed to pay Berne certain amounts due under the lease. Based on those undisputed facts, and pursuant to

*Berne v. A-5 Rentals Corp., et al.*
Civil No. 2006-107
Memorandum Opinion
Page 9

Title 28, Sections 281-94 of the Virgin Islands Code, Berne is entitled to judgment as a matter of law for possession of the Property.

Accordingly, the Court will award summary judgment to Berne with respect to his possession cause of action.

## IV.   CONCLUSION

Because there are no material facts in dispute as to Berne's first and second causes of action, the Court will award judgment to Berne on those causes of action.  An appropriate judgment follows.

**Dated: March 4, 2008**

                                        S\_____
                                          CURTIS V. GÓMEZ
                                            Chief Judge

copy:    James M. Derr, Esq.
         Lemuel F. Callwood, Esq.